# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| CECIL WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:11-CV-1844-RDP-PWG |
| | ) |
| KIM THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The Magistrate Judge filed a Report and Recommendation on June 22, 2011, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. Plaintiff filed objections to the Report and Recommendation on July 6, 2011.

Plaintiff objects to the Magistrate Judge failing to mention in his Report and Recommendation that the officers who were supervising a segregation walk searched the inmates who assaulted him two times, but failed to find the weapons they used to assault Plaintiff. Plaintiff maintains that this is evidence of deliberate indifference to his need for reasonable protection on the part of the officers and, in support of his assertion, cites *Farmer v. Brennan*, 511 U.S. 825 (1994). Quite the contrary is evidenced by Plaintiff's own explanation of the events surrounding the assault. Plaintiff reports that:

> [O]fficers searched each inmate as they prepared to let them on the segregation walk and after the search handcuffed each one behind their back. During this event, after being searched for weapons or other contrand [sic], an inmate assaulted another inmate with a weapon. After the officers subdued this inmate, by force, they placed all the inmates against the wall and searched each one again. After this second search

>   the officers were going to cancel the walk but Lt. Peterson ordered the walk to continue even though the situation had become very intense. During this walk, even though they had been searched twice, two inmates assaulted this Plaintiff.

(Doc. #9, at p.1). The court concludes that Plaintiff has not raised an issue of material fact and that *Farmer* does not support his arguments in this case.

The Supreme Court in *Farmer* said, "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' (citations omitted) a standard that incorporates due regard for prison officials' "unenviable task of keeping dangerous men in safe custody under humane conditions," *Spain v. Procunier*, 600 F.2d 189, 193 (9th Cir. 1979) (Kennedy, J.); *see also Bell v. Wolfish*, 441 U.S. 520, 547-48, 562 (1979). Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Farmer v. Brennan,* 511 U.S. 825, 844-45 (1994).

The fact that Plaintiff was assaulted even after the perpetrators had been searched twice is not evidence of deliberate indifference on the part of the officers or Plaintiff's need for additional protection. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 847. The fact that two searches were conducted indicates that the officers acted reasonably, not the opposite.[1] There is

---

[1] Moreover, the officers cannot be held liable based upon a negligence standard, *i.e.*, that they should have exercised greater care and detected the weapon. *Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.")

simply nothing in the record to support a Rule 56 finding that the searching officers actually knew of a substantial risk to Plaintiff's safety and responded unreasonably to that risk.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the Recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DONE** and **ORDERED** this      15th      day of July, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE